IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **DANNIEL DELORME** | § § § § | |
| | § | **CIVIL NO. 6:23-cv-00181** |
| | § | **JURY DEMANDED** |
| **VS.** | § § § § § | |
| **TRANE TECHNOLOGIES COMPANY, LLC** | § § | |

### PLAINTIFF'S ORGINAL COMPLAINT

Plaintiff Danniel DeLorme hereby files this, his Original Complaint, against Defendant Trane Technologies, LLC for violating federal law.  The causes of action and summary of claims relating thereto are addressed below:

### I.     PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Danniel DeLorme ("Plaintiff" or "DeLorme") is currently a citizen and resident of Upshur County, Texas.

2.     Trane Technologies Company, LLC ("Defendant" or "Trane") does business in the state of Texas with its principal offices in Tyler, Texas. Trane Technologies may be served with process by serving its registered agent for service, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

3.     This court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 & 1343.  Venue exists in this district and division as detailed in 28 U.S.C. §1391.

4.     The acts alleged herein occurred in Smith County, Texas.

5.     Plaintiff filed a Charge of Discrimination with the EEOC on or about August 17, 2022 alleging discrimination on the basis of an actual or perceived disability in violation of the

Americans with Disabilities Act. More than 180 days have passed since he filed his Charge of Discrimination and a right to sue letter has been received by Plaintiff.

6. Prior to Plaintiff's termination by Defendant, he had worked for Defendant for more than twelve (12) months, and for more than 1,250 hours during that twelve-month period.

7. Defendant has employed, and continues to employ, fifty or more persons at, or within a seventy-five (75) mile radius of, the location where Plaintiff worked.

8. Plaintiff had not taken twelve (12) weeks of off work for a serious health condition of diabetes, or otherwise, during the twelve-month period prior to (a) the onset of his serious health condition, or (b) the time of his termination.

9. Trane utilizes a point system for absences and tardiness. In April of 2022, Plaintiff was forced to miss days as a result of his serious medical condition, for which Trane assessed points against Plaintiff for these absences in violation of the Family Medical Leave Act. Had the points assessed against Plaintiff been removed in accordance with the FMLA, Plaintiff would not have been terminated.

## II.   FACTUAL BACKGROUND

10. Trane operates a manufacturing plant in Tyler, Texas.

11. DeLorme was employed by Trane on the assembly line from October 10, 2005 until he was terminated on June 27, 2022 as a result of a drug test result. DeLorme has a PTSD diagnosis which was disclosed to the company. DeLorme also has a prescription for medical marijuana to treat his PTSD condition.

12. In April of 2022 DeLorme was having physical symptoms from a serious medical condition, diverticulitis, and missed 4 days in 12 weeks acquiring 4 points and getting a write up. As DeLorme had the 2 points from the previous June, he now was required to take a drug test.

13. Several weeks prior to this, DeLorme had gotten a prescription for THC gummies

and had been taking them and thus failed the drug test. The drug test company called and asked if DeLorme had a prescription for the THC which was provided.

14. On the 28th of April, DeLorme was walked out of work even though he had a prescription for the THC. Yolanda Warren told DeLorme's supervisor it was "illegal" and to make sure he walked him out first thing.

15. DeLorme was written up on the 19th, drug tested on the 20th, the drug test company called him on the 27th, and he was walked on the 28th.

16. On May 18, 2022, DeLorme was put on a last chance agreement with the company and the union. His only choice was to accept the last chance agreement or be terminated.

17. DeLorme agreed to the EAP as part of the last chance agreement and stopped taking his Rx after a week. The company finally found a provider/counsellor (3 hours away) that he could video chat with and did that for 3 weeks. She could not get Trane to respond to her calls or emails and it took over a week to finally get Trane to set a date for him to take his "return to work drug test", mind you at the time, DeLorme had been off his Rx for 5 weeks, apparently it stays in your system 8 weeks and at that time he had been suspended for 8 weeks.

18. DeLorme had to quit taking his Rx after he agreed to the EAP. DeLorme finished his EAP on June 6th and did not take his return-to-work drug test until the 21st of June. The drug test company called him on the 27th to ask if he had a prescription for the THC and he gave it to them. They said they would inform the company of his Rx. On June 30, 2022, DeLorme received the letter saying he was terminated on June 27, 2022.

19. As a result of the illegal actions of Defendant described herein, DeLorme has sustained lost wages and benefits.

### III. CAUSES OF ACTION

#### A. AMERICANS WITH DISABILITIES ACT

20. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 19 as if fully stated herein.

21. At all times relevant to his claims, DeLorme has been an individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. § 12102(2). More particularly, Plaintiff has physical impairments that substantially limit one or more of his major life activities, has a record of such an impairment, and/or was regarded by Defendant as having such impairments.

22. Plaintiff is a "qualified individual with a disability" as that term is defined in § 101(8) of the ADA, 42 U.S.C. § 12111(8). More specifically, Plaintiff is an individual with a disability who, with reasonable accommodation, can perform the essential functions of his job.

23. The effect of these unlawful practices has been to deprive Plaintiff of equal employment opportunities, and to otherwise adversely affect his employment status as an individual with a disability within the meaning of the ADA.

24. The unlawful employment practices complained of above were willful within the meaning of Section 706(g)(1) of Title VII, 42 U.S.C. § 2000e-5(g)(1), as incorporated by Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

25. The unlawful employment practices described above were intentional and were committed with malice or with reckless indifference to the federally protected civil rights of Plaintiff.

### B. FAMILY AND MEDICAL LEAVE ACT

26. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 19 as if fully stated herein.

27. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim

under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et. seq.

28. Defendant is an "employer" as defined by the FMLA in 29 U.S.C. § 2611(4).

29. During the time that Plaintiff was employed by Defendant, he was an "eligible employee" as defined by the FMLA in 29 U.S.C. § 2611(2).

30. While Plaintiff was employed by Defendant, Plaintiff had an illness that can be defined as a "serious health condition" under the FMLA.

31. Plaintiff was entitled to medical leave for his serious health condition as provided for in the FMLA.

32. Prior to exhausting the twelve (12) weeks of medical leave allowed under the FMLA (as discussed in 29 U.S.C. § 2612(a)(1)), Defendant terminated Plaintiff's employment for taking leave related to his serious health condition.

33. Defendant terminated Plaintiff's employment for the time he was forced to take off work to care for his serious health condition, which violates the protections of the FMLA.

## IV.  DAMAGES

34. As a result of Defendant's violations of the ADA and the FMLA, Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future), in an amount that has not yet been fully established, but which will be provided at time of trial.

35. As a result of this willful violation of the ADA, Plaintiff requests that he be awarded all damages, to which he is entitled, as outlined in 29 U.S.C. § 2617, including, but not limited to, lost wages, salary, employee benefits, and any other compensation denied or lost as a result of the violation, plus interest.

36. In addition, Plaintiff requests compensatory damages equal in an amount to be determined by the jury. Plaintiff also requests any additional equitable relief to which he is entitled.

37. In addition, Plaintiff requests liquidated damages as provided for in the FMLA.

38. Plaintiff also requests reasonable attorney's fees and court costs.

## IV.   JURY DEMAND

39. Plaintiff requests trial by jury on all claims.

## V.   PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

a. Judgment against Defendant for Plaintiff's actual damages, including lost wages and benefits (both back pay and front pay), amount to be determined;

b. Judgment against Defendant for compensatory damages for the maximum amount allowed by law;

c. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

d. Costs of suit, including attorney's fees;

e. The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
bhommel@hommelfirm.com
Hommel Law Firm PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Telephone/Facsimile

ATTORNEY FOR PLAINTIFF